Thank you your honor. May I please report my name is Cameron Baker. I represent appellants Suzanne Porter and Contra Costa County. This case involves two claims. A claim that Ms. Porter through her conduct caused a violation of Mr. Suzuki's 14th Amendment rights through the loss of his parental rights to his children. The loss of his rights occurred as a result of three state court orders issued by the state family court judge. The second issue the second claim is a related monopoly against the county. There are two issues in this appeal. The first is a materiality causation issue and the question on that issue is did Ms. Porter's conduct as a matter of law cause the loss of Mr. Suzuki's parental rights? And the second issue is whether Ms. Porter's entitled to qualified immunity in the context of this particular case. Again the underlying proceeding was a family court proceeding that involved no government parties. It was initiated by Mr. Suzuki's ex-wife Roxanne Wilkerson and only involved Mr. Suzuki and Ms. Wilkerson. I just want to say a brief factual summary. At the time questioned Ms. Porter was a social worker for the county. She was investigating a fourth allegation Mr. Suzuki engaged in child abuse. On the course of this she had contact with Ms. Wilkerson. She's alleged to of course Ms. Wilkerson into seeking a domestic violence restraining order. Ms. Wilkerson filed her petition on November 18, 2016. There's no dispute that her declaration and support of her petition contained adequate non-fabricated evidence to warrant the issue of a domestic violence restraining order under state law. Pursuant to state law the judge issued that order on November 18th. There was a continuous of the hearing so there was a further order issued on December 6th that continued some of the limitations on Mr. Suzuki's rights and following a full trial the judge issued a permanent restraining order against Mr. Suzuki. That order was sustained on appeal by the state appellate court. The record should be clear that Ms. Porter did not use any of the fabricated evidence or allegedly fabricated evidence in any investigation report. She did not submit it and in a declaration in support of the restraining order. With those two things I'm going to now turn to the first issue of the case. So what was the false statement? Was it that he had been arrested or convicted for DUI or something of that nature? There were two alleged pieces of fabricated evidence that he was had a DUI in 2012 four years before and that he at some point in time had driven the car with his suspended license. Those are the two bits of his materiality and again Mr. Suzuki is claiming his his 14th Amendment rights were violated when he lost his rights to his children. Those because those rights were adjudicated by a state court and terminated by a state court and limited by the state court the materiality analysis is conducted as to that state courts decision. That's the holding of this court in Galen versus County of Los Angeles. In this context the state court is an independent actor and its decision is a superseding cause. The test is one that this court has used frequently. You evaluate the petition, you remove the allegedly fabricated evidence, you then assess whether or not the declaration shown in the fabricated evidence contains sufficient evidence to justify the state court's orders. This court used this very test in Beltran versus Santa Clara County, Hart versus County of Los Angeles, Greene versus Camerota, also in the Worley decision we cited and ironically also by the district court in this case on the first order when she held that Mr. Suzuki could not recover as the matter of law for the impositions issued by the state court in its final and permanent domestic restraining order. Would you concede Mr. Baker that she obtained the first temporary restraining order on the basis of the false information the social worker reporter had provided to Ms. Wilkinson? No, no I think that the evidence is clear that her declaration I mean I we laid it out in the in the opening brief all that all the domestic abuse of her, his stalking of her, his abusive treatment of the children, he locked them in the garage, he deprived them of food. Excuse me, I got a phone call. So anyway the opening brief laid it out. I think we should also be mindful your honor that Mr. Suzuki does not contest that there was adequate non-fabricated evidence in the record to warrant issuance of the all temporary restraining orders and both permanent and the permanent restraining order. He has waived that argument by failing to address that issue in his briefs. So that first, following up on Judge Talman's question, for that first order that was entered the material submitted to the judge also included the DUI and driving with a suspended license information. So what in the record tells us that the judge didn't consider that in issuing the first order? It's irrelevant whether the judge considered it. The way since we look at since he's a judge we can't oppose him and say what did you consider what did you not consider and what this court did in Galen which was a submission of false evidence supposedly in a declaration for bail. The court stripped the declaration of the fabricated evidence and made a judicial determination and this materiality is a question of law that this court can decide and decided was there adequate evidence in the declaration to support the issuance of the order. That's the same analysis this court did in Beltran. Again it's a decision we cited in the in every situation the court has evaluated where there's a state court order that removes parents rights over his children they look as to whether or not that order was sustained sufficiently sustained by the non fabricated evidence in the record. I mean is your argument then that even if the judge for whatever reason didn't buy the abuse allegations that were in the application that was submitted just let's just assume for argument didn't think that those are relevant and think that those were credible issued this order based on the DUI. So in that scenario are you saying that just because the abuse allegations were there and we strip out the DUI stuff and he could have accepted the abuse allegations that just because that he had both sitting there in front of him that no matter what we do the judge's order is going to be fine? Your honor that's exactly the standard that has always been applied by this court in this situation. I will say this though if you were to approach the angle if you will look and again I want to emphasize that Mr. Suzuki has waived this argument. There is no he does not contest this very issue that the court is raising but I would say this if you look at it from the other perspective the two bits of fabricated evidence as judge Justice Siler asked whereas was there a DUI in 2012? Remember the restraining order was sought in 2016. Remember 2016. A DUI in 2012 is not supportive of an allegation of child abuse certainly not supportive of an allegation of domestic violence which is what this is. Again this is domestic violence restraining order. I suspended license. Again that is not material. Courts do not grant restraining orders because someone was driving with a suspended license. Neither one of those are. Is this essentially a Frank's analysis that we would employ in a criminal context where we look at the affidavit submitted to the magistrate judge if we excise it and conclude that there was otherwise evidence to support the issuance of the search warrant that's the end of the inquiry? Yeah that's exactly right your honor. And then the district court in this case seem to have found that the mere act of applying based on the false information that Porter supplied to Wilkinson was the 1983 violation. Is that am I understanding correctly what judge Ilsen was thinking? Judge Ilsen said the allegations were sufficient if it could have been material to Ms. Wilkinson but that is an incorrect analysis that a matter of law. It disregards what this court said in Galen. It disregarded the fact that only the state court had the authority to restrict Mr. Suzuki's rights. If your honor would you know if Ms. Wilkinson had sought the restraining order and not been granted it right which was a possibility then there's no violation because his claim is he lost his parental rights. So it had to be as a result of the state court's orders so it has to be that same analysis that uses them for the false affidavit but it also doesn't and uses the same test when it comes to a state court order that limits a parent's rights to his children. But wouldn't you agree that if a decision if a court makes a decision based on false evidence that even if there's other things that the court could have looked at and made its decision based on if it actually made its decision based on false evidence doesn't that overcome the presumption of an intervening exercise of judgment? No your honor I just the answer is no I'm sorry the cases are very very clear of how the court does this and there's no I mean we do have to the extent of interest that the final domestic violence restraining order was issued based solely upon what was called the swimming pool incident was an issue where a day when Mr. Suzuki showed up at a swimming pool event was drunk harassed his ex-wife in front of the children she then engaged in further conduct like that in the at a party after the swimming meet and the court of state appellate court affirmed the restraining order simply as to that now the standard for I mean that relates to my first question at that point with that third order it's clear what the judge was relying on and making the judge when he issued those first two orders. That's ultimately my question. Your honor because it's a judge we cannot depose them we cannot depose a judge and say judge what were you thinking so I think that the court has done traditionally in the Franks analysis the court has always looked beyond that and said we're not going to focus on what the judge did or did not do we're going to look at whether the supporting affidavit declaration contained adequate non-fabricated evidence to support the thing and again I think the record is clear that so state law is very very tolerant in the issuance of domestic violence restraining order all there has to be is conduct that would disturb a person's peace and again if your honor wants me to go through the record in Ms. Wilkinson's declaration of all the that she said that he did to his children I can do that I think it's I think it's abundantly clear that he was abusive towards his children and his ex-wife and the restraining order was more than warranted. I'm going to turn my do you have any questions on the qualified immediate argument? No I think this case turns to me on the causation. Let me just make one argument on that no case has ever held that a fort there's a 14th amendment violation when the case involves purely private actors and this case of course the closest decision is Castanets and that case gave no information that that right would apply in this context so it was not clearly established. With that I'll It sounds like the courts major issue from what Judge Coleman just said is that is the causation issue so I'd like to address that at some length and first of all I'd like to I'd like to set out the the standard here like in Castanets which was discussed extensively in the brief the the holding in that case was that the right you have a right not to be accused based on deliberately falsified evidence that results in the deprivation of protected liberty or property interests that's that's that's the right we're talking about here that's also a right that's discussed in the Hartford case that we also discussed at some at some length and so the the question here is was Mr. Suzuki accused in this case because of his orders deception and the answer to that question is undeniably yes because but isn't this akin to a malicious prosecution where you have to show in order to establish the elements of your claim that the court was actually influenced by the wrongful information supplied? No your honor I don't believe this is akin to a malicious prosecution action because the focus isn't the decision that is affected by Ms. Porter's by Ms. Porter's fabrications isn't the judge's decision so much as it's Ms. Wilkinson's decision. Ms. Wilkinson could have brought a DVRO at any time up into the time that she did and that she she did not do that the reason she petitioned for the DVRO and this is right in her petition is that Ms. Porter told her that she must do it and so the the allegations in our complaint is the reason that she did that is because Ms. Porter told her that Mr. Suzuki was driving under the influence and that he drove the children on a suspended license and that Ms. Porter would that Ms. Wilkinson could lose custody of her children if she did not pursue the DVRO. So is your argument it's it's a but for causation test but for the fact that Wilkinson sought a restraining order from the Superior Court in Contra Costa County no such order affecting his parental rights whatever have issued is that it? That is that is my argument your honor and none of the cases cited by plaintiffs address that issue all of those cases address the issue where the government themselves brought the action to the court and the government made the misrepresentations directly to the court. But you haven't challenged the issuance of the order itself you're not challenging the sufficiency of the evidence to support the ultimate ruling which we know is not based on anything that Porter said. But our argument is well let me let me use an analogy your honor let's say that there's a bank and the loan with the bank and the bank is entitled to foreclose on this loan but it doesn't for whatever reason could be they have an agreement with the borrower but they're entitled to foreclose but they're deciding not to. The government comes in let's say an SEC regulator who doesn't like the borrower the government comes in and they lie to the bank about the borrower's character not only do they lie to the bank about the borrower's character but they threaten the bank with SEC action if the bank does not foreclose on the loan to the borrower. The bank at that point forecloses on the loan to the borrower due to the wrongful influence of the government regulator. But you got a direct effect relationship in your hypothetical and that's what I think is animated the issuing magistrate to enter injunctive relief affecting the parental rights of your client. But my argument isn't that the issue isn't the issuing magistrates decision the issue the point is that the issuing magistrate would never been called on to make a decision if Ms. Porter hadn't unduly influenced Ms. Wilkinson to bring the action in the first place. Would you agree that Ms. Wilkinson would have been entitled to seek such a restraining order in the absence of the allegedly fabricated evidence? Based on the abuse against the swimming pool incident? She would have been entitled to seek a domestic violence restraining order yes your honor but the point is that I that's fatal to your causation element I think you you don't have a premise to case here of a 1983 violation. I don't believe that it is your honor because what what if that is the if that is the case then we can have the government as in my bank analogy the government could strong-arm people who have causes of action against a particular disfavored defendant the government can strong-arm those people to bring those causes of offending the point here is that Ms. Wilkinson had this ability to bring this DVRO for months if not years and she did not do it the only reason that she brought the DVRO was due to Ms. Porter's wrongful influence. It sounds to me like you're asking us to issue a decision that declares that the 1983 violation is to Ms. Wilkinson may or may not have motivated her to seek a court order. Our cases say that the judge's decision to issue the separation order is the intervening cause or superseding act that defeats causation. I'm just having a hard time reconciling the case law with your position. Well the point is your this issue when the when the case law talks about the superseding cause that every single case is the government providing the information directly to the judge. I'm failing to see the distinction that you're trying to draw there I mean there's lots of cases that bring up the example of officers who wrongly arrest someone and then and you know we'll just assume wrongly arrested not debatable shouldn't have happened the arrest shouldn't have happened and all of that goes away if a prosecutor exercising independent judgment decides to bring a case or if you know a judge exercising independent judgment decides to let the case go forward. So undisputed the officers started the whole thing and shouldn't have but it lives so why why is it different in your case? It's different because in that case for example the prosecutor decides to question is was the process was there was the prosecutor exercising independent judgment and that's this that's the case in back the city of Upland which is a 2008 case in this case and in that case it says there's a rebuttal rebuttable presumption that the prosecutor is exercising their independent judgment and one of the enunciated circumstances in which that presumption can be rebutted is which the prosecutor was pressured by police or given false information and that pressure and false information caused the prosecutor to bring the action to the judge. So in that case the focus was isn't on the judge the question is the influence on the prosecutor and here the question isn't the influence on the judge the question is the influence on this Wilkinson able to resist government influence than a government prosecutor. Here she has false information and pressure the very sort of evidence that would cause the rebuttable presumption for a prosecutor to be rebutted. But the system has the protection that you're worried against in that the judge has to approve whether an order gets issued. Right? So how do you get around that? The point is that the only reason the accusation was brought in the first place is due to Ms. Porter's wrongful influence with Ms. Wilkinson. It's just like a prosecutor if a prosecutor decides to bring an action due to false information and pressure undue pressure from the police and he brings that to to the judge and he wouldn't have without that without that pressure. That is a case where the court would be where Section 1983 Act would lie. Counsel, how do you get around our decision in Galen versus the County of Los Angeles? There we rejected an argument that where the sheriff's deputies thought that the bail should be enhanced and we said that's not the violation if you can't link evidence supplied by the deputies to the magistrate increase the bail. And even if officers acted wrongfully in requesting the enhancement or in this case Porter acted wrongfully in suggesting Wilkinson go seek an order, it's still an intervening cause here which is the permanent order. I just don't know how you get around the case. But the decision in Galen which was you know whether bail of 1 million was excessive or not and whether the judge was influenced by that, that is a different question than the question here. The question in Butler, the question in Worley. I'm looking at the discussion 477 F3rd at about I can see 658 I guess it is. Galen cannot establish that his bail was excessive because there is no evidence of factors the Commissioner considered in enhancing bail for enhancing bail. And here there's no evidence that the Superior Court judge relied on the DUI and the operating on a suspended license evidence. Instead he relied on the pool incident to issue the order. And your honor I want to I want to bring this back around to to Costanich and Hardwick in which case you have the right that you have under section 1983 is not to be accused based on false evidence presented by the government. And in this case Ms. Porter presented false evidence to Ms. Wilkinson and the only reason that Mr. Suzuki was accused is because of that false evidence. It's the accusation by Ms. Wilkinson, the accusation that would have not have happened but for Ms. Porter's wrongful influence. That is the issue. Just take Hardwick for example. Wasn't there clear causation where the children were removed pursuant to the triggered by the intentional misrepresentation in the affidavit by the defendant's social worker? That's a different case than the facts that we have here. Which case are we talking about here your honor? Hardwick. Hardwick. We're talking about your honor in Hardwick and in Costanich you have and Hardwick is a little light on the facts to be honest but in in Costanich especially you have the the Ms. Doran the government worker filing a report that contained the the wrongful information and the report encouraged or caused the Department of Health and Human Services in Oregon to pursue a removal of the children from Ms. Costanich. So it was the fact that she filed the report and the report encouraged the department to move forward with their with their with their allegations and that was the issue and again the the issue is the accusation itself. Ms. Wilkinson, Ms. Porter, just stepping back from it a little bit, if Ms. Porter hadn't unduly influenced Ms. Wilkinson there would have been no decision for Judge Cope to make. So how can that not be a cause? It completely ignores the role of the judge which is as Judge Consigliere reminded you the protective system affords in the matter of the false evidence your honor and I keep on I keep on moving before the judge your honor it's a matter of this case the government shouldn't be able to strong-arm regular citizens into Brick or the bank in my example shouldn't be able to strong-arm them to bring even meritorious action. But the bail would have been enhanced in Galen if the sheriff's deputies had not suggested that enhanced bail would be a good idea in order to protect the from the arrest. But that is that is because the in Galen the question was the government bringing the action before the court and then the government made misrepresentations to the court so the question in Galen, in Worley, in Butler, and Hart was when the government brought the action did the misrepresentations made to the court in Galen because it was a proof problem the plaintiff never supplied the district court with evidence of what influenced the bail decision-maker. It's the same problem you have you can't show that the fabricated evidence that Porter gave to Wilkinson influenced the Superior Court judge in separating his father from his children. Well again the question isn't the issue is that the Superior Court judge would never have been called on to exercise his discretion if Ms. Wilkinson hadn't brought the action. Okay I understand your argument I'm just not persuaded by it. I'm going to exercise presiding judge prerogative to ask one more question. So I think I heard you say a minute ago that the constitutional violation you're concerned about is being accused based on false evidence. My understanding from your complaint is that the deprivation of his access to his children. So which is it? I was looking at paragraph 52 of your complaint. The accusation caused the deprivation of access to his children. Ms. Wilkinson and I get that I get that sort of linking but ultimately what is the constitutional violation you know the 14th Amendment liberty interest that you're claiming is it lack of access to kids or is it that I was accused when I think I should have been accused. It was I don't think those are those are separable your honor it was the fact that Ms. Porter caused Ms. Wilkinson to bring this up during this allegation and that it was that that caused Mr. Suzuki's deprivation of liberty interest. All right unless there's any other questions from the panel. Thank you Mr. Thacker. Thank you your honor. Mr. Baker you have a minute a I just I just want to point out I think you're the question from the court were very thoughtful. I would point out that under Mr. Suzuki's theory Ms. Porter is worse off if she persuades Ms. Wilkinson to seek restraining order than if she were to lie to the court herself. Because the test if she were to lie directly to the court would be Galen, Beltran, all that stuff and she would have the protections that Judge Hunsaker referenced and the Judge Tolman referenced. I would also point out that that's exactly what the 14th Amendment is about is whether there was due process in the state court proceedings. She had due process there was no corruption of the state court proceedings just like that was an issue at Hardwick. And the last thing I would point out is that the criminal prosecution setting is very different. This court is clearly held that there is a right not to be criminally prosecuted by the government. That was the that's the Devereux classic Devereux claim. There's never been a holding that you have a right not to be brought to domestic violence restraining order in a family court by your ex-wife. And those are my only comments. Thank you. I thank you counsel for your helpful arguments. This case is submitted. And I believe that concludes our calendar for this morning.
judges: Siler, Tallman, Hunsaker